**STATE ex WIPERT v BOARD OF EDUCATION OF XENIA TWP SCHOOL DIST**

Ohio Appeals, 2nd Dist, Greene Co

Decided Nov 10, 1931

Barger & Orendorf, for plaintiff.

Marcus E. McCallister, Prosecuting Attorney,- Xenia, for defendant.

## OPINION

By KUNKLE, J.

The petition is based upon the provisions of §7691, GC, which reads as follows: "No person shall be appointed as a teacher for a term longer than four school years, nor for less than one year, except to fill an unexpired term, the term to begin within four months of the date of the appointment. In making appointments teachers in the actual employ of the board shall be considered before, new teachers are chosen in their stead."

In brief, the claim of the relator is that she having been a former teacher in this school, and having made application for reappointment, her application was not considered by the said board before new teachers were selected in her stead.

The relator in her petition asks that the board be required to appoint her as a teacher in said school.

This court could not order her appointment. The most that it could do would be to require the board to give her application consideration before a new teacher was appointed in her place.

Counsel have favored the court with exhaustive briefs in which numerous authorities are cited.

Sec 12283, GC, defines "Mandamus" as follows: "Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

The law is so well settled in this state that it will be unnecessary to cite authorities in support thereof, to the effect that a writ of mandamus will not issue unless the board or person against whom it is directed has failed to perform some act which by law it is required to perform. It is equally well settled that courts cannot control by mandamus the exercise of a discretion which is reposed in boards or individuals.

If the defendant board falls within the provisions of §7691 GC, then the duty is enjoined upon it by law to consider the applications of old teachers before new teachers are employed in their places.

If §7691, GC, does not apply to the defendant board, then there is no duty enjoined by law in reference to such board considering the application of old teachers before new ones are employed in their places. The duty enjoined by this section is not to employ old teachers as against new ones, but is merely to consider the application of the old teachers before new ones are appointed.

Does §7691, GC, apply to the defendant board?

Counsel for defendant calls our attention to §7705, GC, which provides as follows: "The board of education of each village, and rural school district shall employ the teachers of the public schools of the district, for a term not longer than three school years, to begin within four months of the date of appointment. The local board shall employ no teacher for any school unless such teacher is nominated therefor by the county or assistant county superintendent except by a majority vote of its full membership. In all high schools and consolidated schools one of the teachers shall be designated by the board as principal and shall be the administrative head of such school."

The defendant board is the board of a rural school district, and it is claimed that the provisions of §7705, GC, govern the conduct of the defendant board in reference to the appointment of its teachers, instead of the provisions of §7691, GC. It is further claimed that the provisions of §7691 GC relate to city districts and not to rural school districts.

We have considered the history of these respective sections, and to the extent that it is possible to ascertain the intent of the Legislature from the somewhat complex school laws we have arrived at the conclusion that §7705, GC, regulates the conduct of the defendant board, and §7691, GC, applies to boards of education other than village and rural school district boards.

The history of these two sections warrants this conclusion. The provisions of these sections are different. The boards of village and rural school districts cannot appoint any teacher except upon the recommendation of the county or assistant county superintendent, unless by a majority vote of its full membership. No such condition relates to the appointment of teachers under §7691, GC.

The board of education of a village and rural school district cannot appoint any teacher for a term longer than three school years. The boards of other districts may appoint for four years, and not less than one year.

From a consideration of these two sections of the Code, and also from a consideration of the history of these sections, we are of opinion that no duty is specially enjoined upon the defendant board to consider the application of an old teacher before a new teacher can be employed in the place of such old teacher, and if no such duty is specially enjoined upon the board then the writ should not issue. The law is well settled that a writ of mandamus should not be allowed unless relator's right to such writ is clear. The demurrer will be sustained.

Demurrer sustained.

ALLREAD, PJ, concurs.
HORNBECK, J, dissents.